UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHEL WATKINS** | **CIV. ACTION NO. 3:24-00027** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PENTAGON FEDERAL CREDIT UNION ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, are motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) filed by Defendants Pentagon Federal Credit Union and James Schenck. [docs. #6, 15, 28]. The third motion is opposed. [doc. #32].

For reasons assigned below, it is recommended that the first and second motions [docs. # 6, 15] be DENIED AS MOOT, the third motion [doc. #18] be GRANTED, and the case be DISMISSED WITH PREJUDICE.

**Background**

Plaintiff *pro se* Michel Watkins ("Plaintiff") commenced this action against Pentagon Federal Credit Union ("PenFed") and James Schenck (collectively "Defendants") on January 3, 2024. Original Complaint [doc. #1]. The operative pleading ("the Second Amended Complaint") was given effect on May 14, 2024. Second Amended Complaint [doc. #19]; Order re M/Amend [doc. #25].[1] Plaintiff seeks damages arising from two applications for credit

---

[1] Plaintiff initially filed the Second Amended Complaint on March 20, 2024. Second Amended Complaint [doc. #19]. This filing was made without requesting leave of court and, thus, was deficient. Notice of Deficiency [doc. #20]. On March 25, 2024, Plaintiff filed a motion

submitted to PenFed that allegedly resulted in fraud and various violations of federal law. Second Amended Complaint [doc. #19]. The first application was submitted on May 21, 2023, and sought "55000 . . . in federal reserve notes," while the second application was submitted on November 21, 2023, for "7000 in federal reserve notes." *Id.* at p. 1. Plaintiff alleges that by including his signature and social security number on the applications, he "gave collateral to PenFed." *Id.* Sometime after PenFed received the applications, it denied them. *Id.* Plaintiff alleges that, after denying the applications, Defendants "denied a withdrawal of the collateral applications to protect the notes applied for." *Id.*

Defendants moved to dismiss Plaintiff's original complaint on February 16, 2024. First M/Dismiss [doc. #6]. Plaintiff then filed an amended complaint on February 27, 2024, Amended Complaint [doc. #10], which Defendants moved to dismiss on March 12, 2024. Second M/Dismiss [doc. #15]. The Second Amended Complaint was then filed on March 20, 2024, Second Amended Complaint [doc. #19], and became the operative pleading on May 14, 2024. Order re M/Amend [doc. #25]. Defendants then filed their third motion to dismiss on May 28, 2024. Third M/Dismiss [doc. #28]. Plaintiff filed an opposition to that motion on June 5, 2024, Opposition to Third M/Dismiss [doc. #32], which Defendants replied to on June 23, 2024. Reply to Opposition to Third M/Dismiss [doc. #35].[2]

---

requesting the Court accept the Second Amended Complaint as the controlling pleading, M/Amend [doc. #21], which the Court granted on May 14, 2024. Order re M/Amend [doc. #25].

[2] Plaintiff filed a sur-reply to Defendants' motion on July 1, 2024. [doc. #36]. The Federal Rules of Civil Procedure do not provide for the filing of a reply brief and acceptance of such a brief is discretionary with the judge. Leave of court must be obtained before the filing of a reply brief in this case. As Plaintiff did not seek such leave, the sur-reply filing is deficient. Nonetheless, the proposed briefing does not present any substantively new arguments. While the undersigned is sympathetic to the personal difficulties Plaintiff has described in the proposed sur-reply, they do not alter the legal analysis contained herein.

Briefing is complete. Accordingly, this matter is ripe.

## Discussion

### I. Legal Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim," *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010), but "[t]hreadbare recitals" of those elements "supported by mere conclusory statements" are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Factual pleadings that are "merely consistent with" a defendant's liability fall "short of the line between possibility and plausibility." *Id.* (quoting *Twombly*, 550 U.S. at 557). All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff, *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), although courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## II. Analysis

### a. The First Two Motions to Dismiss

Defendants' first motion to dismiss is directed at Plaintiff's original complaint. Memo in Support of M/Dismiss [doc. #6-1, p. 1]. Their second motion to dismiss is directed at Plaintiff's first amended complaint. Memo in Support of Second M/Dismiss [doc. #15-1, p. 1]. After Defendants filed these motions, Plaintiff filed the Second Amended Complaint. Second Amended Complaint [doc. #19]. "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Stewart v. City of Houston Police Dept.*, 372 F.App'x 475, 478 (5th Cir. 2010) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). The Second Amended Complaint does not specifically refer and adopt or incorporate by reference the original or first amended complaints. *See generally* Second Amended Complaint [doc. #19]. As the first two complaints are superseded, Defendants' first two motions to dismiss are moot.

Accordingly, it is RECOMMENDED that Defendants' first and second motions to dismiss [doc. # 6, 15] be denied as moot.

### b. The Third Motion to Dismiss

The undersigned now turns to Defendants' third motion to dismiss. Plaintiff alleges that Defendants are liable for (1) fraud; (2) violating "12 USC 1431"; (3) violating "Federal Reserve Act section 16 part 2"; (4) violating "Federal Reserve Act 29"; (5) violating "10b of the Social Security Act 1934"; (6) violating 49 U.S.C. § 5124; and (7) violating "Title 18 of 18 USC 1005." Second Amended Complaint [doc. #19]. The undersigned will review these causes of action in turn to determine whether Plaintiff has stated a claim as to each.

Plaintiff's first claim is that Defendant committed fraud "when [Plaintiff] was denied a withdrawal of the collateral application to protect the notes applied for." *Id.* at p. 1. Under Louisiana law, fraud "is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." LA. CIV. CODE art. 1953. To state a fraud cause of action, a plaintiff must allege (1) a misstatement or omission; (2) of material fact; (3) made with the intent to defraud; (4) on which the plaintiff relied; and (5) which proximately caused the plaintiff's injury. *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997).[3]

Here, Plaintiff alleges that he "was denied a withdrawal of the collateral applications to protect the notes applied for." Second Amended Complaint [doc. #19, p. 1]. There are no allegations that, in denying Plaintiff withdrawal of "the collateral applications," Defendants made a misstatement or omission regarding a material fact. Nor are there any allegations that Defendants' conduct was made with the intent to defraud Plaintiff. Indeed, the pleadings contain no allegations regarding Defendants' statements, omission, or intent. Finally, the allegations do not establish that Plaintiff acted in reliance on any of Defendants' statements or omissions, thus causing injury. While Plaintiff does allege that he submitted two applications for federal reserve notes to Defendants, *id.*, there are no allegations that he did so in reliance on any statements or omissions made by Defendants. Plaintiff also argues that he suffered injury "since defendants denied [him] rights to credit [and] defendants must return collateral application so both parties can benefit." *Id.* Plaintiff contends the collateral he offered Defendants "was the signature and

---

[3] Louisiana courts have described this as a three element test, but those elements are substantively identical to those described by the Fifth Circuit. *See, e.g., Chapital v. Harry Kelleher & Co, Inc.*, 144 So.3d 75, 86 (La.App. 4 Cir. 6/4/14) (listing elements of fraud cause of action as "(1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resultant injury.").

social security number" included on his applications. *Id.* Louisiana law defines collateral as "property subject to a security interest or agricultural lien." LA. REV. STAT. §10:9-102(1)(12). A signature and social security number do not meet this definition. Furthermore, Plaintiff does not point to – nor is the undersigned aware of – any law indicating submission of a credit application in and of itself constitutes the tendering of collateral. Therefore, Plaintiff has failed to allege an injury. As the allegations establish none of the elements of the fraud cause of action, the undersigned cannot conclude that the pleadings state a claim for fraud. Accordingly, Plaintiff has failed to state a plausible fraud claim.

Plaintiff's remaining claims arise under various federal statutes. The first of these claims arises under 12 U.S.C. § 1431. Second Amended Complaint [doc. #19, p. 2]. This statute governs the powers and duties of banks established under authority of the Federal Home Loan Bank Act. *See* 12 U.S.C. § 1421-22. Section 1431 does not independently create any cause of action or remedy. *See generally id.* at § 1431. Even if § 1431 *did* create a cause of action or remedy that Plaintiff could pursue, the allegations do not establish that Defendants violated any aspect of that provision.[4] Accordingly, it would be inappropriate to find that Plaintiff has stated a claim under § 1431.

Plaintiff's second federal claim arises under "Federal Reserve Act Section 16 part 2." Second Amended Complaint [doc. #19, p. 2]. The undersigned understands this to refer to 12

---

[4] Plaintiff indicates that Defendants violated § 1431 by "borrowing security and returning security collateral." Second Amended Complaint [doc. #19, p. 2]. The statute empowers banks covered by the law "to borrow and give security therefor and to pay interest thereon." 12 U.S.C. § 1431(a). The only mention of collateral in § 1431 indicates that the Director of the Federal Housing Finance Agency may require any bank covered by the law "to deposit additional collateral or to make substitutions of collateral or to adjust equities between" covered banks. *Id.* at § 1431(d). These provisions grant banks power; they do not prevent them from engaging in certain conduct. Plaintiff has failed to establish how Defendants could violate these provisions or how he could recover from any such violation.

U.S.C. §§ 241-253, which is designated as Subchapter II of U.S. Code Chapter 3. Plaintiff alleges that Defendants violated this provision by "failing to contact the Board of Governors to address the issue and withdraw the collateral deposited." Second Amended Complaint [doc. #19, p. 2]. As Plaintiff has not cited a specific provision of this subchapter, it is impossible to assess what specific statutory provision Defendants are alleged to have violated. Furthermore, this subchapter describes the structure and powers of the Board of Governors of the Federal Reserve System and does not contain any causes of actions or remedies. *See generally* 12 U.S.C. §§ 241-253. Accordingly, the undersigned cannot find that Plaintiff has stated a claim under 12 U.S.C. §§ 241-253.

Plaintiff's next federal claim arises under "Federal Reserve Act 29." Second Amended Complaint [doc. #19, p. 2]. This citation is insufficiently specific for this Court or Defendants to determine which statutory provision creates Plaintiff's asserted cause of action. Accordingly, Plaintiff has failed to state a claim under "Federal Reserve Act 29."

Plaintiff's fourth federal claim is for alleged violation of "10b of the Social Security Act 1934." *Id.* Plaintiff argues that Defendants ran afoul of this provision "by manipulating consumer and consumers security collateral into deception of believing that collateral doesn't have to be withdrawn nor returned." *Id.* Despite this description of the alleged violation, it is impossible to determine what provision of law Plaintiff's cause of action arises from based upon the pleadings. Accordingly, Plaintiff has failed to state a claim under "10b of the Social Security Act 1934."

Plaintiff's next federal claim arises under 49 U.S.C. § 5124. Second Amended Complaint [doc. #19, p. 2]. Section 5124 imposes criminal penalties for tampering with labeling or packaging of hazardous materials. 49 U.S.C. § 5124; *see also id.* at § 5104(b). There is no

statutory provision allowing for civilian enforcement of this criminal provision. *See generally id.* at §§ 5101-5128. In any event, Plaintiff has made no allegations concerning hazardous materials. Accordingly, Plaintiff has failed to state a claim under 49 U.S.C. § 5124.

Plaintiff's seventh and final federal claim arises under "Title 18 of 18 USC 1005." Second Amended Complaint [doc. #19, p. 2]. The undersigned understands this citation to refer to 18 U.S.C. § 1005. This provision imposes penalties for improperly issuing financial instruments or making fraudulent book entries on a bank's financial records. *Id.* Plaintiff has not alleged that Defendants have participated in either form of misconduct. Accordingly, Plaintiff has failed to state a claim under 18 U.S.C. § 1005.

Plaintiff has failed to state a claim for fraud or under any of the federal causes of actions included in his pleadings.

Accordingly, it is RECOMMENDED that Defendants' third motion to dismiss [doc. # 28] be granted and the case dismissed with prejudice.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendants Pentagon Federal Credit Union and James Schenck's first and second motions to dismiss [doc. #6, 15] be **DENIED AS MOOT**, their third motion to dismiss [doc. #28] be **GRANTED**, and that the case be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 12th day of July, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE